UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Chad Robert Boswell,

    Defendant.

---

Court File No. 19-cr-132 (ADM/LIB) (1)

**REPORT AND RECOMMENDATION**

    This matter comes before the undersigned United States Magistrate Judge upon Defendant Chad Robert Boswell's ("Defendant") Motion to Suppress and Request for <u>Franks</u> Hearing. [Docket No. 20]. This case has been referred to the undersigned Magistrate Judge for a report and recommendation, in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a motions hearing on July 15, 2019, regarding the parties' pretrial motions.[1]

    Following the motions hearing, the parties requested the opportunity to submit supplemental briefing which was completed on August 2, 2019, and Defendant's Motion to Suppress and Request for <u>Franks</u> Hearing, [Docket No. 24], was then taken under advisement by the undersigned on August 2, 2019.[2]

    For reasons discussed herein, the Court recommends that Defendant's Motion to Suppress and Request for <u>Franks</u> Hearing, [Docket No. 24], be **DENIED**.

---

[1] The Court addressed the parties' pretrial discovery motions by separate order. [Docket No. 32].
[2] At the motions hearing, the Court denied Defendant's motion to the extent it sought a <u>Franks</u> hearing. (July 15, 2019, Motions Hearing, Digital Recording at 2:11–2:12 p.m.).

**I.   BACKGROUND**

Defendant is charged with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(d)(1), 924(e)(1), and 28 U.S.C. § 2461(c). (Indictment [Docket No. 1]).

**II.   DEFENDANT'S PRETRIAL MOTION TO SUPPRESS EVIDENCE AS A RESULT OF SEARCH AND SEIZURE. [DOCKET NO. 29].**

Defendant moves the Court to suppress all evidence obtained as a result of the phone-tracking search warrant executed in this case. (Def.'s Mem., [Docket No. 33], at 1).

**A.   Phone-Tracking Search Warrant**

**A.   Relevant Facts**

On March 5, 2019, a detective from the Pine to Prairie Drug Task Force, prepared an affidavit in support of an application for a state warrant to track Defendant's cell phone.[3] In the March 5, 2019, Affidavit, the detective averred as follows:

> On March 04, 2019 Affiant received information from Tri County Probation Agent Dale Arnold regarding Chad Robert Boswell (whose date of birth is [redacted] 1974.) Probation Agent Arnold stated some of the following:
>
> -Chad Boswell is on warrant status for absconding from parole for felony harassment/stalking
> -Chad's last reported address was 903 Barrette Street Apartment #1, Crookston, MN
> -Chad is/was dating a girl named Jessica Jean Piland (whose date of birth is [redacted] 1989)
> -Chad has not been in contact with probation since last year (September 2018)
> -he received information that Chad is in possession of a handgun
>
> Affiant ran an NCIC check on Chad Boswell and noted there was a body only warrant with full extradition issued on September 27, 2018. The warrant is for a release violation while on parole through the MN Department of Corrections (absconding). The warrant lists the following cautions: domestic assault, assault,

---

[3] Government's Exhibit 1 is the warrant application, supporting affidavit, and warrant to search for the location of Defendant's cell phone. At the motions hearing, the Government, without objection, offered the warrant application, supporting affidavit, and warrant now at issue into evidence as Government's Exhibit 1. (July 15, 2019, Motions Hearing, Digital Recording at 2:15–2:16 p m.). The detective's name is redacted from the warrant application and supporting affidavit.

2

> fleeing police, terrorist threats, weapons, disorderly conduct, and harassment. The original charge Chad's parole was felony harassment/stalking.
>
> Affiant spoke with a cooperating defendant (CD1) who is incarcerated at the Northwest Regional Corrections Center who indicated about two weeks ago s/he observed Chad Boswell with two 9mm black handguns at 903 Barrette Street Apartment #1. CD1 indicated Chad Boswell was using methamphetamine and stated he was not going back to prison.
>
> On March 5th, 2019 Affiant spoke with another cooperating defendant (CD2) who indicated Chad Boswell was in Crookston, MN on March 4th, 2019 and appeared strung out. CD2 stated Chad Boswell's phone number is 218-521-8113 and he has had this number since February/March of last year. CD2 stated Chad Boswell was at 903 Barrette Street apartment #1 on March 4, 2019.

(See, Gov't Ex. 1).

On March 5, 2019, the issuing state court judge from Polk County, State of Minnesota, reviewed and approved the officer's affidavit and application for a state search warrant to track Defendant's cell phone. (Gov't Ex. 1).

### B. Standard of Review

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. Amend. IV. The Eighth Circuit has held that "[a]n affidavit establishes probable cause for a warrant if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." United States v. Mutschelknaus, 592 F.3d 826, 828 (8th Cir. 2010) (internal quotation marks and citation omitted). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" United States v. Colbert, 605 F.3d 573, 576 (8th Cir. 2010) (quoting Illinois v. Gates, 462 U.S. 213, 231 (1983)).

3

Courts use a "totality of the circumstances test . . . to determine whether probable cause exists." United States v. Hager, 710 F.3d 830, 836 (8th Cir. 2013) (citation omitted).

The sufficiency of a search warrant affidavit is examined using "common sense and not a hypertechnical approach." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007) (citation and internal quotations omitted). "In ruling on a motion to suppress, probable cause is determined based on 'the information before the issuing judicial officer.'" United States v. Smith, 581 F.3d 692, 694 (8th Cir. 2009) (quoting United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986)). "Therefore, '[w]hen the [issuing judge] relied solely upon the supporting affidavit to issue the warrant, only that information which is found in the four corners of the affidavit may be considered in determining the existence of probable cause.'" United States v. Wiley, No. 09-cr-239 (JRT/FLN), 2009 WL 5033956, at *2 (D. Minn. Dec. 15, 2009) (Tunheim, J.) (quoting United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005); edits in Wiley). In addition, the issuing court's "'determination of probable cause should be paid great deference by reviewing courts,'" Gates, 462 U.S. at 236 (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)). "[T]he duty of a reviewing court is simply to ensure that the [issuing court] had a 'substantial basis for . . . [concluding]' that probable cause existed." Id. at 238–39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

### C. Analysis

In his Revised Memorandum, Defendant argues that: (1) the search warrant application and affidavit lacked probable cause to track Defendant's location through his cell phone, and (2) that the Leon good-faith exception to the warrant requirement does not save the search conducted in the present case.

4

Probable cause determinations "d[o] not deal with hard certainties, but with probabilities." Gates, 462 U.S. at 231. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Id. at 238–39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

To establish probable cause for the issuance of a search warrant, "there must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue." United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000) (citing United States v. Koelling, 992 F.2d 817, 823 (8th Cir. 1993)). "The requisite nexus between a particular location and contraband is determined by the nature of the crime and the reasonable, logical likelihood of finding useful evidence." United States v. Etheridge, 165 F.3d 655, 657 (8th Cir. 1999) (citing United States v. Christenson, 549 F.2d 53, 57 (8th Cir. 1977)). Additionally, whether probable cause exists to support the issuance of a search warrant depends on the totality of the circumstances: "[i]n determining whether probable cause exists, we do not evaluate each piece of information independently; rather, we consider all of the facts for their cumulative meaning." United States v. Tyler, 238 F.3d 1036, 1038 (8th Cir. 2001).

Based on the information in the detective's affidavit in support of the application to search for the location of Defendant by tracking his cell phone, the Court concludes that the issuing state court judge had a substantial basis to conclude that probable cause and a nexus between the cell phone and criminal activity (i.e., absconding from probation) existed.

In his Revised Memorandum, Defendant solely disputes whether CD2 was a reliable informant and, if not, argues that the search warrant tracking Defendant's phone was unsupported by probable cause because CD2 was the only person to provide Defendant's cell phone number to the detective. (Def.'s Mem., [Docket No. 33], at 3).

Defendant cites to several cases such as United States v. Braden, 844 F.3d 794, 799 (8th Cir. 2016), United States v. Faulkner, 826 F.3d 1139, 1144 (8th Cir. 2016), United States v. Ketzeback, 358 F.3d 987, 992 (8th Cir. 2004), United States v. Reivich, 93 F.2d 957, 959–60 (8th Cir. 1986), and United States v. Keys, 721 F.3d 512, 518 (8th Cir. 2013), which he contends show that CD2 was not a reliable informant, and because CD2 was the only person to provide law enforcement with Defendant's cell phone number, Defendant therefore argues that there was not sufficient probable cause to issue the warrant to track the location of Defendant's cell phone. (Id. at 8, 12, 13, 15, 16). The cases cited by Defendant, as discussed below, do not support a finding that CD2 was not a reliable informant.

Notably, Defendant fails to acknowledge that corroboration of other information in an affidavit from other sources can establish that a confidential informant is reliable. Here, both Defendant's probation officer and CD1 corroborated aspects of the information provided by CD2. It is well-established that "[t]he statements of a reliable confidential informant are themselves sufficient to support probable cause for a search warrant." United States v. Wright, 145 F.3d 972, 975 (8th Cir. 1998). The key inquiry is whether the confidential informant's information is, in fact, reliable. See, e.g., United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). As repeatedly recognized by the Eighth Circuit, "[w]hen an informant has provided reliable information in the past or where his tip was independently corroborated, a court may deem the informant's tip

6

sufficiently reliable to support a probable cause determination." United States v. Caswell, 436 F.3d 894, 898 (8th Cir. 2006) (emphasis added).

Defendant, nevertheless, contends that the search warrant affidavit "did not contain any affirmative allegation either that CD2 was a credible or reliable source or that CD2 had any personal knowledge of what was stated." (Mem. in Supp., [Docket No. 33], at 11). Defendant's argument, however, is unpersuasive.

First, as previously discussed, it is true that "[w]hen an affidavit in support of a search warrant is based upon information from an informant, the informant's 'reliability, veracity, and basis of knowledge are relevant considerations.'" Faulkner, 826 F.3d at 1144 (quoting United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986)). But, contrary to Defendant's argument, they are not "independent, essential elements" to finding probable cause. Id. (quoting Reivich, 793 F.2d at 959); See also, Gates, 462 U.S. at 230–33, 103 S.Ct. 2317. Indeed, a "deficiency" in either the informant's reliability or his basis of knowledge "may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." Gates, 462 U.S. at 233, 103 S.Ct. 2317. Thus, "[i]f information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that the informant provides, though uncorroborated, is also reliable." Williams, 10 F.3d at 593–94 (citations omitted).

Furthermore, even in cases cited by Defendant, such as United States v. Keys, 721 F.3d 512, 518 (8th Cir. 2013), courts have held that where two informants corroborate each other, "then it is a permissible inference that the informant is reliable and that therefore other information that the informant provides, though uncorroborated, is also reliable." Id. (quoting Williams, 10 F.3d at 593).

7

In this case, to the extent that CD2's basis of knowledge might have been lacking, the officer's independent corroboration of information provided by CD2 compensated for any potential deficiency in CD2's basis of knowledge. Specifically, as correctly argued by the Government, three independent sources of information provided by CD2, Defendant's probation officer, and CD1 all separately and reliably indicated that Defendant either lived at or was seen within just days at 903 Barrette Street Apartment #1 in Crookston, Minnesota. (Gov't Ex. 1 at 2–3). Thus, the Court finds that the corroboration of the Defendant's most frequented address by two independent sources in addition to CD2 directly supports CD2's reliability. Moreover, CD1 also independently of CD2, also corroborates CD2's observation of Defendant's use of some form of controlled substance. Therefore, under the totality of the circumstances, the Court finds that CD2 was reliable. See, e.g., United States v. Tyler, 238 F.3d 1036, 1039 (8th Cir. 2001) ("Even the corroboration of minor, innocent details can suffice to establish probable cause."); See also, United States v. Keys, 721 F.3d 512, 518 (8th Cir. 2013) ("[T]he receipt of consistent information from two separate sources is a form of corroboration.").

Because CD2 provided some reliable, corroborated information, as held by the Eighth Circuit, "then it is a permissible inference that the informant is reliable and that therefore other information that the informant provides, though uncorroborated, is also reliable." Williams, 10 F.3d at 593. Therefore, to the extent that CD2 provided law enforcement with other information, such as Defendant's cell phone number, the Court also finds that this information was necessarily reliable.

Furthermore, the Court finds that the detective's affidavit in support of the March 5, 2019, search warrant indicated that the issuing state court judge had a substantial basis upon which to conclude that tracking Defendant's location through his cell phone would uncover evidence of a

8

crime (i.e., absconding from probation supervision), and that, as a result, probable cause existed for the issuance of the March 5, 2019, search warrant to track Defendant's cell phone. Accordingly, the Court finds that under the totality of the circumstances, there was probable cause to support the issuance of the March 5, 2019, search warrant.

In addition, assuming solely for the sake of argument that the affidavit of the detective was not sufficient to establish probable cause, the Court concludes that officers relied in good faith on the probable cause determination by the issuing state court judge when executing the March 5, 2019, search warrant and tracking Defendant's cell phone.

Although evidence obtained as a result of the execution of a warrant unsupported by probable cause is generally inadmissible, Mapp v. Ohio, 367 U.S. 643 (1961), there is an exception "when the police conduct a search in 'objectively reasonable reliance' on a warrant later held invalid." Davis v. United States, 564 U.S. 229, 238–39 (2011) (quoting United States v. Leon, 468 U.S. 897, 922 (1984)). There are four circumstances in which the good-faith exception does not apply:

> (1) the magistrate judge issuing the warrant was misled by statements made by the affiant that were false or made "in reckless disregard for the truth"; (2) "the issuing magistrate judge wholly abandoned his [or her] judicial role"; (3) the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) the warrant is "so facially deficient . . . that the executing officers cannot reasonably presume it to be valid. United States v. Marion, 238 F.3d 965, 969 (2001).

"'In assessing whether the officer relied in good faith on . . . a warrant, [the Court] consider[s] the totality of the circumstances, including any information known to the officer but not included in the affidavit.'" United States v. Johnson, 848 F.3d 872, 879 (8th Cir. 2017) (citations omitted). The Court's "inquiry is confined to 'the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the

9

magistrate's authorization.'" United States v. Hopkins, 824 F.3d 726, 733 (8th Cir. 2016) (quoting Leon, 468 U.S. at 922 n.23).

The record currently before the Court shows that law enforcement's good-faith reliance on the warrant issued to track Defendant's location through his cell phone militates against suppressing the evidence obtained during the monitoring of that device. As already discussed, in his affidavit in support of his application for a search warrant, the detective presented specific facts indicating that cooperating informants had separately and independently provided information to law enforcement that Defendant was using or appeared to be using drugs, was in the illegal possession of a firearm, and had within the past few days been seen at 903 Barrette Street Apartment #1 in Crookston, Minnesota. Accordingly, the affidavit in support of the March 5, 2019, search warrant to track Defendant's location through his cell phone was not so lacking in indicia of reliability so as to render official belief in the existence of probable cause entirely unreasonable. In addition, on the basis of the present record, the warrant was not "so facially deficient . . . that the executing officers [could not] reasonably presume it to be valid." Thus, the Court concludes that the officers involved also relied in good faith on the March 5, 2019, search warrant.[4]

Because the Court finds that the issuing state court Judge had a substantial basis upon which to conclude that probable cause existed for the issuance of the March 5, 2019, search

---

[4] On August 9, 2019, Defendant filed a letter via CM/ECF requesting that the Court strike portions of the Government's brief to the extent it referenced a police report regarding the incident with Defendant because the police report was "not admitted into evidence at [the motions] hearing." [Docket No. 36]. The Court notes that Defendant originally filed a partially redacted copy of the police report as Exhibit 2 to his initial Memorandum in Support of his Motion to Suppress. [Docket No. 28]. In its response to Defendant's initial Memorandum, the Government included an unredacted copy of the police report. [Docket No. 29]. On July 24, 2019, however, Defendant filed a Revised Memorandum in which Defendant no longer included the police report or any references to the report. [Docket No. 33]. On August 13, 2019, the Government responded to Defendant's letter arguing that the police report could be considered in the context of the Leon good-faith exception. [Docket No. 38]. Given the Court's finding that the search warrant contained sufficient probable cause on its face, the Court finds that Defendant's argument regarding the striking of the portions of the Government's brief to the extent it references the police report are moot.

warrant, the Court recommends that Defendant's Motion to Suppress and Request for <u>Franks</u> Hearing, [Docket No. 24], be **DENIED**.

### III.   CONCLUSION

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress and Request for <u>Franks</u> Hearing, [Docket No. 24], be **DENIED**.


Dated: August 29, 2019                                         s/Leo I. Brisbois
                                                               Leo I. Brisbois
                                                               U.S. MAGISTRATE JUDGE



### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.