# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Chad Robert Boswell,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 19-132 ADM/LIB

---

Harry Jacobs, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Craig S. Hunter, Esq., Northland Law, Grand Marais, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Chad Robert Boswell's ("Boswell") Objection [Docket No. 41] to Magistrate Judge Leo I. Brisbois' August 29, 2019 Report and Recommendation ("R&R") [Docket No. 40]. In the R&R, Judge Brisbois recommends denying Boswell's Motion to Suppress and Request for Franks Hearing [Docket No. 24]. Based on a de novo review of the record, Boswell's Objection is overruled, the R&R is adopted, and Boswell's Motion is denied.

## II. BACKGROUND

### A. Arrest

To locate Boswell after he absconded from his state parole, Detective Nathan Nelson ("Detective Nelson") applied for and received a warrant. Indictment [Docket No. 1]; Mem. Supp. Def.'s Mot. to Suppress [Docket No. 25] at 1. The warrant allowed law enforcement to utilize a phone tracking device to "ping" and establish the location of a phone which had been

linked to Boswell. Id. On March 6, 2019, Boswell was located and arrested by law enforcement. A search of his person, and the car in which he was found, produced a shoulder holster, a handgun with a loaded magazine, and methamphetamine. Id.

Boswell moves to suppress the evidence obtained from the warrant-based search. He argues the search warrant lacks probable cause. Boswell thus contends the evidence must be suppressed as the fruit of an unconstitutional search.

## B. Circumstances of the Search Warrant

On March 5, 2019, Detective Nelson of the Crookston Police Department prepared a Search Warrant Application. [Docket No. 26] at 6. In support of the warrant, Detective Nelson submitted an Affidavit of Probable Cause, which related to the issuing court the following information:

> On March 04, 2019 Affiant received information from Tri County Probation Agent Dale Arnold regarding Chad Robert Boswell (whose date of birth is [redacted] 1974.) Probation Agent Arnold stated some of the following:
>
> -Chad Boswell is on warrant status for absconding from parole for felony harassment/stalking
> -Chad's last reported address was 903 Barrette Street Apartment #1, Crookston, MN
> -Chad is/was dating a girl named Jessica Jean Piland (whose date of birth is [redacted] 1989)
> -Chad has not been in contact with probation since last year (September 2018)
> -he received information that Chad is in possession of a handgun
>
> Affiant ran an NCIC check on Chad Boswell and noted there was a body only warrant with full extradition issued on September 27, 2018. The warrant is for a release violation while on parole through the MN Department of Corrections (absconding). The warrant lists the following cautions: domestic assault, assault, fleeing police, terroristic threats, weapons, disorderly conduct, and harassment. The original charge for Chad's parole was felony harassment/stalking.
>
> Affiant spoke with a cooperating defendant (CD1) who is incarcerated at the Northwest Regional Corrections Center who indicated about two weeks ago s/he observed Chad Boswell with two 9mm black handguns at 903 Barrette Street Apartment #1. CD1

2

> indicated Chad Boswell was using methamphetamine and stated he was not going back to prison.
>
> On March 5th, 2019 Affiant spoke with another cooperating defendant (CD2) who indicated Chad Boswell was in Crookston, MN on March 4th, 2019 and appeared strung out. CD2 stated Chad Boswell's phone number is 218-521-8113 and he has had this number since February/March of last year. CD2 stated Chad Boswell was at 903 Barrette Street apartment #1 on March 4, 2019.

Id. at 2-3. On March 5, 2019, a Minnesota state court judge in Polk County issued a search warrant to track the -8113 phone number. [Docket No. 25-3].

## C. Recommendation and Objections

Judge Brisbois recommended finding the information in the search warrant application was supported by probable cause. Boswell objects to this recommendation because, he argues, "there is nothing in the search warrant application affidavit to show that the statement in it that a phone number was that of the defendant was based on personal knowledge or reliable hearsay." [sic] Obj., at 1. And, he argues, the "warrant application was so lacking in indicia of probable cause as to render official [good-faith] belief in its existence entirely unreasonable." Obj. at 1-2.

## III. DISCUSSION

## A. Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).[1] A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

---

[1] No objection was made to the Judge Brisbois' denial of Boswell's motion seeking a Franks hearing; therefore, the Court does not address this uncontested ruling.

## B. Probable Cause

Boswell argues the search warrant lacks probable cause because the search warrant application includes the phone number for which the search warrant was issued without explicitly stating whenther that information was based on personal knowledge or mere hearsay. Obj. at 3.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. Amend. IV. The Eighth Circuit has held that "[a]n affidavit for a search warrant need only show facts sufficient to support a finding of probable cause." United States v. Parker, 836 F.2d 1080, 1083 (8th Cir. 1987). Probable cause exists when "a practical, common-sense" evaluation of "all the circumstances set forth in the affidavit" demonstrates "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act.'" United States v. Colbert, 605 F.3d 573, 576 (8th Cir. 2010) (quoting Gates, 462 U.S. at 231). "A magistrate's determination of probable cause should be paid great deference by reviewing courts." Gates, 462 U.S. at 236 (quotation marks omitted). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed." Id. at 238–39 (quotation marks omitted, alteration in original).

When an affidavit includes information provided by one or more confidential informants, the reliability of that informant is critical to the determination of probable cause. A confidential

4

informant may be considered reliable in a number of circumstances, including when

> the information is based on his or her first-hand observations, or the informant has provided information against his or her penal interest or that implicates him or herself, or the informant's information is corroborated by another informant or by the investigating officers, even where the facts which are corroborated are seemingly innocuous.

United States v. Mims, 567 F. Supp. 2d, 1059, 1068 (D. Minn. 2008) (collecting cases). In circumstances where multiple informants provide information that is "reciprocally corroborative," that information can be enough to support a finding of probable cause. United States v. Fulgham, 143 F.3d 399, 401 (8th Cir. 1998).

Boswell's arguments challenging Detective Nelson's affidavit were considered and properly rejected by Judge Brisbois. R&R, at 6. It is clear that the information included in the affidavit supported probable cause for the pen register, trap and trace warrant for the -8113 phone number. As described above, the affidavit cites three individual sources of information in mutual and cumulative support for probable cause. First, Detective Nelson had information from Boswell's probation agent, Dale Arnold ("Probation Agent Arnold"), who reported Boswell's absconding from parole. He also informed Detective Nelson that Boswell's last reported address was on Barrette Street in Crookston, MN and that he had received information that Boswell was in possession of a handgun. Next, CD1 observed Boswell with two 9mm black handguns at 903 Barrette Street and indicated that Boswell was using methamphetamine. This corroborates and adds information and suggests reliability for both CD1 and Probation Agent Arnold's information. Finally, CD2 stated that Boswell was at 903 Barrette Street on March 4, 2019 and appeared "strung out," presumably from drug use. This corroborated the previously reported information and lent reliability to CD2's report of Boswell's -8113 phone number.

5

The mutually corroborative information provided by all three individuals is sufficient to support a finding that both CD's and the Probation Agent were reliable sources. Their information supports probable cause to believe that the -8113 phone number belonged to Boswell, who was absconding from parole and was involved with illegal drugs and guns. See, e.g., Fulgham, 143 F.3d at 401.

In sum, these facts provided more than a "fair probability" that evidence of Boswell's absconding parole would be found by tracking the location of the phone associated with the -8113 phone number.

## C. Leon Good-Faith Exception

Even if the search warrant had not been supported by probable cause, Boswell's effort to suppress the evidence obtained as a result of the search would still be denied because the officers relied in good faith on the probable cause determination by the state court judge. The R&R amply explains that the record before the court does not support finding "a reasonably well trained officer would have known that the search was illegal despite" the issuing judge's authorization of the warrant. United States v. Hopkins, 824 F.3d 726, 733 (8th Cir. 2016)(quoting United States v. Leon 468 U.S. 897 (1984)). Boswell argues, ignoring the corroborating information of the other sources, that CD2's statements could equally be read as based on hearsay as they could be based on personal knowledge. Setting aside whether CD2 might have had Boswell's phone number and address based on hearsay, Boswell has offered no reason why the officers would have chosen one interpretation over the other, how it would be unreasonable to consider the information as reliably based on personal knowledge, or how it would make the search illegal despite the issuing judge's authorization.

6

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Boswell's Objection to Report and Recommendation [Docket No. 41] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 40] is **ADOPTED**;

3. Boswell's Motion to Suppress and Request for Franks Hearing [Docket No. 24] is **DENIED**.

BY THE COURT:

 s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 9, 2019